## WILCOMB AND WIFE'S PETITION.

A petition for an appeal from a decree of the court of probate, the party having
been prevented from appealing within sixty days, by mistake, accident or mis-
fortune, will not be dismissed, because agents were appointed to act for par-
ties out of the State, and appeared at the hearing in their behalf.

PETITION, to be allowed an appeal from a decree of the
court of probate for this county, founded upon section 7 of
chapter 170 of the Revised Statutes.

This section provides that " any person aggrieved by any
such decision of a judge of probate, who was prevented
from appealing therefrom within said sixty days, through
mistake, accident or misfortune, and not from his own neg-
lect, may petition the said superior court at any time within
two years thereafter, to be allowed an appeal, setting forth
his interest, his reasons for appealing, and the causes of his
delay."

The petition set forth that an instrument, purporting to
be the last will of Edward Dearborn, late of Seabrook,
deceased, was proved and allowed as his will, at a court
of probate holden, &c., September 10, 1851; that said Dear-
born died without leaving any issue; that Mrs. Wilcomb,
one of the petitioners, is a neice and heir-at law of the de-
ceased, and interested in his estate, and aggrieved by said
probate.

It states as reasons of appeal, that said Dearborn was not
of sane mind; that he was induced to sign the will by un-

due influence, and by imposition, and in ignorance of its contents, &c.

It assigns as causes of delay to appeal, that until long after the expiration of sixty days from said probate, to wit, until September, 1852, they had neither of them any knowledge or information whatever of said probate, nor of the existence of any will of said Dearborn, or any certain information of his death; that long before and ever since the death of said Dearborn, they have resided in Carmel, in the county of Penobscot and State of Maine; and that in September, 1852, they were informed by a letter from a relative of said Dearborn, of the existence of said will, and in general terms of its contents, and of the probate thereof; and the same was their earliest knowledge of any proceeding relative to the settlement of said estate.

It, therefore, prays that they may be allowed an appeal, &c.

It is dated May 24, 1853, and is signed by the petitioners.

Notice having been given of the petition—

*Wells*, of counsel for the administrator, with the will annexed of the deceased, now moves that the petition may be dismissed, because, before the decree approving and allowing the said will, the judge of probate appointed an agent for all persons interested, who resided out of the State, agreeably to section 11 of chapter 157 of the Revised Statutes; and the said agent accepted the appointment, and was present in their behalf at the hearing in the court of probate; and the petitioners are, therefore, concluded by the decree, and the lapse of the usual period of sixty days prescribed by the statute for taking an appeal.

*Marston*, of counsel for the petitioners, admitted the facts alleged in support of the motion, but contended that the appearance of the agents in behalf of the petitioners could not

have a greater effect to conclude them than their appearance in person would have had; and that if they had been so present they would not be precluded from showing, if they could, that they were prevented from appealing within sixty days, through mistake, accident or misfortune.

The court, being of the same opinion, *denied the motion.*